# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUSTIN MICHAEL ROBINETTE,**

      **Plaintiff,**

v.                                                           Case No: 6:16-cv-1241-Orl-41DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. 16)** |
| **FILED:** | **October 26, 2016** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

## I. BACKGROUND.

Plaintiff applied for a period of disability and disability insurance benefits under the Social Security Act (Act) in October 2008, was found to be disabled, and began receiving disability benefits in January 2009. Docs. 17-1; 17-2. The Social Security Administration (Agency) sent Plaintiff notice on or about October 11, 2012, stating that a recent continuing disability review found that his condition had medically improved, and that he was no longer disabled under the Act as of October 11, 2012. Doc. 17 at 3 (citing 17-3). As a result, Plaintiff's period of disability was set to terminate on December 31, 2012. *Id.*

On March 29, 2013, Plaintiff, proceeding *pro se*, filed a request for hearing before an administrative law judge (ALJ), to challenge the Agency's decision that he was no longer disabled. Doc. 17-4.  The hearing was scheduled for October 22, 2014.  Doc. 17-5 at 2.

On June 26, 2014, the Agency sent Plaintiff a notice of hearing to his last known address by certified mail (June Notice).  Doc. 17 at 3 (citing Doc. 17-5 at 2).  The June Notice apparently included an Acknowledgement of Receipt (Notice of Hearing) form[1] (June Acknowledgement Form).  Doc. 17-6 at 4.  There is, however, no evidence that Plaintiff returned the June Acknowledgement Form.  Instead, the June Notice was returned to the Agency as unclaimed.  Doc. 17 at 3 (citing Doc. 17-5 at 1).

On July 1, 2014, the Agency purportedly sent a second notice of hearing to Plaintiff at his last known address (July Notice).  Doc. 17 at 3 (citing Doc. 17-5 at 4-20).  The July Notice included an Acknowledgement of Receipt (Notice of Hearing) form (July Acknowledgement Form) and an envelope through which Plaintiff could return the Acknowledgement without affixing postage.  *See* Doc. 17-5 at 12.  Other than statements by the Agency's Chief of Court Case Preparation and the ALJ – individuals without personal knowledge of the mailing – there is no evidence that the July Notice was actually mailed or delivered to Plaintiff's address.  In particular, there is no evidence or claim whatsoever that the July Notice was sent via certified mail.  Further, there is no evidence that Plaintiff returned the July Acknowledgement Form.

On August 2, 2014, in response to an Address Information Request by the Agency listing Plaintiff's name and last known address, the United States Postal Service indicated either: "Mail is delivered to address given" or "Not known at address given."  Doc. 17-5 at 21.  The ambiguity

---

[1] This is a standardized form that the claimant completes and returns to the Agency to let the Agency known whether or not claimant will be able to attend the hearing before the ALJ as scheduled.

is derived from the check mark that traverses both of the foregoing selections. *Id*. It appears that the Agency has determined, and Plaintiff tacitly concedes, that the United States Postal Service indicated that "Mail is delivered to address given." *Id*.

On October 8, 2014, the Agency purportedly sent a third notice of hearing to Plaintiff at his last known address (October Notice). Doc. 17 at 3 (citing Doc. 17-5 at 22).[2] Again, other than statements by the Agency's Chief of Court Case Preparation and the ALJ, there is no evidence that the October Notice was actually mailed or delivered to Plaintiff's address. In particular, there is no evidence or claim whatsoever that the October Notice was sent via certified mail. In fact, as discussed *infra*, it appears from the ALJ's order of dismissal that the Agency conceded that Plaintiff did not receive the October Notice, although it is not clear from the record why the ALJ made that concession. Doc. 17-8 at 5.

Plaintiff did not appear at the hearing. *See* Docs. 17-6 at 4-5; 17-8 at 4-5.

On November 14, 2014, after the hearing date passed, there was apparently an attempt by the Agency to contact Plaintiff via telephone, but the attempt was unsuccessful. *See* Doc. 17-6 at 4.

On November 24, 2014, due to Plaintiff's failure to appear at the hearing, the ALJ entered an order dismissing Plaintiff's request for a hearing. Doc. 17-6 at 4-5. In that order, the ALJ relied upon the fact that Plaintiff failed to return the June Acknowledgment Form. *Id*. The ALJ also noted the attempt to contact Plaintiff via telephone on November 14, 2014. *Id*. The ALJ concluded that: "As the mail regarding his hearing was not returned as undeliverable, the undersigned must assume that he was aware of the hearing and chose not to attend." *Id*. There was no mention of

---

[2] There is no evidence that the October Notice included an Acknowledgement of Receipt (Notice of Hearing) form. *See* Doc. 17-5 at 22.

the fact that the June Notice, sent via certified mail, was returned as unclaimed, and there was no mention at all of the July and October Notices.  *Id*.

On March 19, 2015, Plaintiff appealed that order to the Appeals Council claiming that he did not receive notice of the hearing.  Doc. 17-7 at 1.  Although that appeal apparently contained a Statement of Good Cause for Untimely Filing, that document is not a part of the record before the Court.  *See* Doc. 17-7.

On July 23, 2015, the Appeals Council vacated the ALJ's order and remanded the matter to the ALJ to "consider additional information to decide if the claimant had a good reason for not appearing at the hearing."  Doc. 17-7 at 3-4.  In the Appeals Council's decision, it noted that Plaintiff claimed that he did not receive notice of the hearing and that his grandfather passed away in October 2014, such that he did not receive the hearing notices.  *Id*.

On August 13, 2015, on remand from the Appeals Council, the ALJ entered another order of dismissal.  Doc. 17-8 at 4-5.  In that order, the ALJ found that Plaintiff was "properly notified of the scheduled hearing, and he elected not to attend his hearing for reasons that are yet to be explained."  *Id*.  The ALJ discussed the notice to Plaintiff as follows:

> The [ALJ] notes that the Notice of Hearing was sent on July 1, 2014 (Exhibit 14B), which is not within the time period of the claimant's loss of his grandfather in October 2014.  While the claimant did not claim the certified copy of this letter (Exhibit in B section), the Postal Service report shows that this was properly delivered (Exhibit 16B).  While it is apparent that the claimant did not receive the Notice of Hearing Reminder dated October 31, 2014 (Exhibit 17B), on July 24, 2014, as the U.S. Postal Service returned the claimant's Notice of Hearing to the Hearing Office stamped undeliverable (Exhibit in B section), he clearly received the original notice as the post office verified on August 2, 2014, that it was delivered as addressed (Exhibit 16B).

Doc. 17-8 at 5.  In sum, it appears that the ALJ conceded that Plaintiff did not receive the June Notice or the October Notice, but the ALJ concluded that Plaintiff "clearly" received the July Notice solely on the basis that the United States Postal Service "verified on August 2, 2014, that

it was delivered as addressed." *Id*. This latter conclusion is apparently based upon the August 2, 2014 Address Information Request, in relation to which the United States Postal Service apparently responded that "mail is delivered to address given." Doc. 17-5 at 21.

After that denial by the ALJ, Plaintiff obtained counsel and, on September 11, 2015, filed a request with the Appeals Counsel seeking review of the ALJ's order dismissing the request for a hearing. Doc. 17-9 at 1. In support of that appeal, Plaintiff provided the Appeals Council with a brief that contained an explanation as to why Plaintiff may not have received notice of the hearing, even if the notices were sent to Plaintiff's last known address. Doc. 19-1. Without discussing Plaintiff's brief in detail, Plaintiff provided information that included memory loss related to the seizure-based disability for which Plaintiff was originally granted benefits, the death of his grandfather in October 2014, and the dementia of his grandmother, who often collected – and then misplaced or shredded – mail at the home where Plaintiff lived with his grandparents and received his mail in 2014. *Id*. On May 24, 2016, the Appeals Council denied Plaintiff's request for review. Doc. 17-9 at 3-4.[3]

On July 8, 2016, Plaintiff filed a Complaint against the Commissioner of Social Security appealing the order of dismissal. Doc. 1. Plaintiff claims that the Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. *Id*. at ¶ 3. Plaintiff alleges that he did not receive notice of the hearing, and, thus, claims that the Commissioner failed to comply with her rules and regulations governing notice of hearings, which, consequently, violated his right

---

[3] The brief was not attached to the Appeals Council's decision, thus, it is unclear whether the Appeals Council received the brief, and, if so, whether they considered the brief. The Commissioner does not argue that Plaintiff never provided the brief to the Appeals Council. *See* Doc. 22. Thus, the Commissioner could be viewed as tacitly conceding that the brief was, in fact, provided to the Appeals Council.

to due process. *Id*. at ¶¶ 6, 13, 16. Plaintiff requests that the Court either reverse and set aside the Commissioner's decision terminating Plaintiff benefits, or issue a writ of mandamus, directing the Commissioner to schedule a new hearing concerning reinstatement of Plaintiff's benefits.[4] *Id*. at 4.

## II.   THE MOTION TO DISMISS.

The Commissioner filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Motion). Doc. 16. The Commissioner argues that the Court does not have subject matter jurisdiction over this case, and Plaintiff has not demonstrated that he is entitled to the extraordinary remedy of mandamus. *Id*. at 5-15. Thus, the Commissioner requests that the Court dismiss the case for lack of subject matter jurisdiction. *Id*. at 15.

Plaintiff filed a response in opposition to the Motion. Doc. 19. In it, Plaintiff argues that the Court has subject matter jurisdiction over this case pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. *Id*. at 4-6. Plaintiff also argues that there is no evidence he received notice of the hearing. *Id*. at 6-7. Thus, Plaintiff requests that the Court deny the Motion, and enter an order compelling the Commissioner to schedule a new administrative hearing. *Id*. at 7.

The Commissioner filed a reply maintaining that the Court does not have subject matter jurisdiction over the case. Doc. 22 at 1-4. Further, the Commissioner argues that even if the Court has subject matter jurisdiction over the case, there is no basis to remand the case because the ALJ's determination that Plaintiff failed to show good cause for not appearing at the scheduled hearing is supported by substantial evidence. *Id*. at 4-5.

---

[4] Plaintiff claims that he is also seeking review of the Appeals Council's denial of review. Doc. 19 at 5. The Complaint, however, does not allege that the Appeals Council committed any particular error. *See* Doc. 1 at ¶ 21. Plaintiff is constrained to the issues raised in the Complaint.

**III.   STANDARD OF REVIEW.**

A motion to dismiss for lack of subject matter jurisdiction can be resolved either on the face of the complaint, or on the basis of factual submissions. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quotation, citation, and alterations omitted). A factual attack on the complaint, by contrast, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id*.

The Commissioner argues that the Court does not have subject matter jurisdiction to consider this case, and, in doing so, relies on extrinsic evidence filed in support of its Motion. Docs. 16; 17; 17-1; 17-2; 17-3; 17-4; 17-5; 17-6; 17-7; 17-8; 17-9. Thus, the Commissioner has asserted a factual attack to the Court's subject matter jurisdiction. Therefore, the Court may consider extrinsic evidence in determining whether it has subject matter jurisdiction over this case.

**IV.   ANALYSIS.**

There are two distinct issues before the Court. First, the Court must determine whether it has subject matter jurisdiction to consider this case. Second, if the Court has subject matter jurisdiction, the Court must determine whether the Commissioner's final decision is supported by substantial evidence. The undersigned will address each issue in turn.

**A.  Subject Matter Jurisdiction.**

A federal court's review of claims for disability benefits is limited by the Act, which provides, in relevant part, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Thus, a civil action may be brought in federal court after the plaintiff has been party to a hearing held by the Commissioner, and the Commissioner has made a final decision on the claim. *Id*. The meaning of "final decision" is not defined in the Act, but is "left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). A plaintiff obtains a "final decision" after completing the four steps of the administrative review process: 1) initial determination; 2) reconsideration determination; 3) hearing before an ALJ; and 4) Appeals Council review. 20 C.F.R. § 404.900(a).

In the Motion, the Commissioner argues that a "final decision" can only be rendered "after a hearing" conducted by the ALJ. Doc. 16 at 7-8. Since Plaintiff failed to attend the scheduled hearing, the Commissioner argues that the order of dismissal does not constitute a "final decision" and, thus, the Court does not have subject matter jurisdiction to review the order of dismissal. *Id*. at 9.

The Commissioner has asserted this argument unsuccessfully in several cases in this District, including in *Counts v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010). Thus, in response to the Motion, Plaintiff argues that this case is similar to *Counts* and urges the Court to follow *Counts*, Doc. 19 at 4-5, in which the court found that it had subject matter jurisdiction to consider an appeal under section 405(g) despite the lack of a hearing before the ALJ. The undersigned finds *Counts* persuasive and recommends that the Court follow the reasoning in *Counts* and determine that the Court has subject matter jurisdiction in this case.

In *Counts*, the plaintiff filed for disability benefits and was denied initially and on reconsideration. *Counts*, 2010 WL 5174498, at *1. The plaintiff allegedly did not receive notice that his claim had been denied on reconsideration until after the time to request a hearing had passed, and, as a result, filed an untimely request for a hearing before the ALJ. *Id*. The ALJ entered an order dismissing the plaintiff's request for a hearing on the basis that it was untimely. *Id*. The plaintiff appealed the order to the Appeals Council, which denied the request for review. *Id*. at *2. The plaintiff filed an appeal with the district court seeking review of the ALJ's order dismissing his request for a hearing and the Appeals Council's denial of review. *Id*. The Commissioner moved to dismiss the appeal for lack of subject matter jurisdiction, arguing that the ALJ's order dismissing the request for a hearing was "not a final decision subject to review within the meaning of 42 U.S.C. § 405(g) because the order was issued without a hearing." *Id*. at *3.

The court rejected the Commissioner's argument for several reasons. The court first determined that the Commissioner waived the hearing requirement, explaining:

> The Supreme Court opinion in *Mathews* provides significant guidance as to the interpretation of § 405(g) requirements:
>
>> The requirement that there be a final decision by the [Commissioner] after a hearing [is] regarded as 'central to the requisite grant of subject-matter jurisdiction' .... [However], implicit ... is the principle that this condition consists of two elements .... The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner].
>
> 424 U.S. at 328 (internal citation omitted). Continuing, the Supreme Court recognized that the Commissioner "may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Id*. at 330. Since neither the ALJ nor the Appeals Council chose to offer Plaintiff a hearing on the issue of whether he received the written notice within the sixty-five days after it was allegedly mailed, this Court finds this jurisdictional prerequisite to have been

> waived, as the ALJ and the Appeals Council must have been satisfied that no further review was warranted when they issued their decision without a hearing.

*Id*. at *5. Thus, in light of the Commissioner's waiver of the hearing requirement, the court concluded that the lack of a hearing did not preclude the ALJ's order of dismissal from becoming a final decision after the Appeals Council denied review. *Id*.

The court also found that the plaintiff asserted a constitutional claim, and, as such, the court had subject matter jurisdiction over the case, explaining:

> [I]t is clear that Plaintiff seeks review of Defendant's denial of a hearing to which Plaintiff was statutorily entitled, as well as review of Defendant's determination that Plaintiff was provided with notice of the reconsideration decision. *See generally,* Doc. No. 1. Thus, it appears that Plaintiff presented a colorable constitutional claim, and as such, as the Supreme Court stated in *Sanders*, "constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.... [A] decision denying [§ 405(g)] jurisdiction ... would effectively ... close [ ] the federal forum to the adjudication of colorable constitutional claims." 430 U.S. at 109; *see also, Cash v. Barnhart,* 327 F.3d 1252, 1257 n. 8 (11th Cir.2003) (recognizing that subject matter jurisdiction exists when the claimant raises a colorable constitutional issue).

*Id*. at *6. The court alternatively found that even if the plaintiff had not asserted a constitutional claim, the court still had subject matter jurisdiction over the case in light of the Eleventh Circuit's decision in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983), explaining:

> [E]ven if Plaintiff did not present a colorable constitutional claim, this Court is convinced that in light of the Eleventh Circuit Court's reasoning in *Bloodsworth*, the Court cannot reach the conclusion urged by Defendant. As in the instant case, the Commissioner in *Bloodsworth* argued that the district court lacked jurisdiction under § 405(g) because there was no "final decision made after a hearing." 703 F.2d at 1236. However, unlike in the instant case, the claimant did have a hearing before an ALJ; but, in the district court, he sought judicial review of the Appeals Council dismissal of his request for review as untimely, issued without a hearing. *Id*. at 1235. Regardless of the fact that there was a hearing before an ALJ in *Bloodsworth,* the Commissioner still argued there was no "final decision made after a hearing," which the Eleventh Circuit clearly rejected. *Id*. at 1239 (stating "the Appeals Council decision not to review *finalizes* the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g).") (emphasis in original).

> This Court recognizes that the Magistrate Judge distinguished *Bloodsworth* on exactly this basis—that there was a hearing there, albeit before an ALJ rather than the Appeals Council, but there was no hearing at all in the present case. (Doc. No. 15 at 7.) Respectfully, however, as in *Macheski*, this Court is persuaded that the Eleventh Circuit's overall reasoning in *Bloodsworth* warrants the conclusion that adopting Defendant's argument would make "linguistic but not legal sense." *Macheski*, 2007 WL 2710466, at *4 (quoting *Bloodsworth*, 703 F.2d at 1239). As eloquently stated in *Macheski*, Plaintiff "cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies. Leaving Plaintiff 'permanently in limbo' under these circumstances was rejected in *Bloodsworth*." *Id*. (emphasis in original).

*Id*. Thus, the court determined that regardless of whether plaintiff asserted a constitutional claim, the court had subject matter jurisdiction to consider the ALJ's order of dismissal and the Appeals Council's denial of review. *Id*. at *7 ("By denying review of the ALJ's decision to dismiss Plaintiff's request for a hearing, the Appeals Council finalized Defendant's decision to deny Plaintiff a hearing. Plaintiff exhausted his administrative remedies and timely filed for judicial review.").

Here, the Commissioner argues that the Court should not follow *Counts* because it "is contrary to established Supreme Court precedent." Doc. 22 at 2-3 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The Commissioner, however, fails to provide a convincing explanation as to how *Counts*, in which the court relied on several Supreme Court decisions in finding that it had subject matter jurisdiction, runs contrary to established Supreme Court precedent. *See id*. Thus, in light of this failure, the undersigned finds this argument unavailing.

The Commissioner also argues that the Court should not follow *Counts* because it is factually distinguishable from this case. Doc. 22 at 2. The Commissioner points to the fact that the ALJ in *Counts* dismissed the plaintiff's request for a hearing because it was untimely, while

the ALJ in this case dismissed Plaintiff's request for a hearing because he failed to appear at the hearing. *Id.* The ALJ's reason for dismissing the request for hearing in *Counts* was not determinative of whether the court had subject matter jurisdiction. *See Counts*, 2010 WL 5174498, at *3-7. The same is true here. Thus, the differences highlighted by the Commissioner do not undermine the import of *Counts* and, consequently, the undersigned finds the Commissioner's argument unavailing

This case, like *Counts*, involves the alleged failure to receive notice, which, in turn resulted in Plaintiff not "fulfilling" his requirements under the regulations, i.e., appearing at the hearing. Further, the Commissioner argues, as she did in *Counts*, that the ALJ's order dismissing Plaintiff's request for a hearing is not a final decision because there was no hearing. These similarities reveal that the jurisdictional issue presented in *Counts* is indistinguishable from the jurisdictional issue presented in this case, i.e., whether the Court has subject matter jurisdiction to review an ALJ's order dismissing a request for hearing where no hearing was held. Those core similarities weigh in favor of the undersigned finding that the reasoning in *Counts* is applicable to this case and persuasive. *See Wright v. Colvin*, Case No. 3:12-cv-1007-J-32TEM, 2013 WL 5567409 (M.D. Fla. Oct. 9, 2013) (finding *Counts* persuasive); *Pizarro v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389 (M.D. Fla. Jan. 24, 2013) (following *Counts*) *report and recommendation adopted by*, 2013 WL 847331 (M.D. Fla. Mar. 7, 2013).

To be sure, Plaintiff filed this appeal seeking review of the ALJ's order dismissing Plaintiff's request for a hearing. Doc. 1. The Commissioner did not offer Plaintiff a hearing on that order. While the Commissioner was not required to offer Plaintiff a hearing on that order, the failure to offer a hearing is reasonably viewed as a waiver of that requirement. *Counts*, 2010 WL 5174498, at *5. Plaintiff completed the remaining jurisdictional requirements by seeking review

of the ALJ's order dismissing Plaintiff's request for a hearing. Doc. 17-9 at 1. The Appeals Council's denial of Plaintiff's request for review finalized the ALJ's decision. Thus, Plaintiff exhausted his administrative remedies as it relates to challenging the order of dismissal, thus opening the door to appeal to this Court. *Counts*, 2010 WL 5174498, at *7. Further, Plaintiff raises a colorable constitutional claim that he did not receive notice of the hearing in violation of his right to due process. *Id*. at *6 (finding that plaintiff's request to review the Commissioner's determination that he received notice of the reconsideration decision presented a colorable constitutional claim). This provides an alternative basis to exercise jurisdiction over this case. In light of the foregoing, the undersigned finds that the Court has subject matter jurisdiction over this case.[5]

### B. Substantial Evidence.

In her reply, the Commissioner argues that even if the Court has subject matter jurisdiction to consider this case, the order of dismissal is supported by substantial evidence. Doc. 22 at 4-5. Plaintiff, on the other hand, argues that "there is no evidence in the record that [he] ever received any notice regarding his hearing." Doc. 19 at 7-8. Plaintiff implicitly argues that the order of dismissal is not supported by substantial evidence. *See id*. Therefore, once subject matter jurisdiction is established, the issue before the Court is whether the order of dismissal, as finalized by the Appeals Council's denial of Plaintiff's request for review, was based on substantial evidence.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported

---

[5] In light of this finding, the undersigned finds it unnecessary to address whether the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1361.

by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

The regulations provide that the Agency will mail a notice of the hearing to claimant's last known address at least 75 days in advance of the hearing. 20 C.F.R. § 404.938(a). The regulations also provide that:

> The notice of hearing will ask you to return a form to let us know that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation. If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail.

20 C.F.R. § 404.938(c). An ALJ may dismiss a request for a hearing where:

> Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request for hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear.
>
> . . .

> In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

20 C.F.R. § 404.957(b)(1)(i), (2).

Plaintiff filed a request for hearing in March 2013. Doc. 17-4. The Agency scheduled the hearing for October 22, 2014. Doc. 17-5 at 2. The Agency sent the first notice of hearing to Plaintiff at his last known address via certified mail on June 26, 2014. Doc. 17 at 3 (citing Doc. 17-5 at 2). That notice was returned to the Agency as unclaimed. Doc. 17 at 3 (citing Doc. 17-5 at 1). The Agency purportedly sent a second and third notice to Plaintiff at his last known address on July 1, 2014 and October 8, 2014, respectively. Doc. 17 at 3 (citing Doc. 17-5 at 4-20, 22). Plaintiff claims that he did not receive the notices and, thus, Plaintiff did not appear at the hearing. *See* Docs. 17-6 at 4-5; 17-8 at 4-5.

The ALJ relied on 20 C.F.R. § 404.957(b)(1)(i), (2) and provided the following explanation in support of her decision to dismiss Plaintiff's request for a hearing:

> The [ALJ] notes that the Notice of Hearing was sent on July 1, 2014 (Exhibit 14B), which is not within the time period of the claimant's loss of his grandfather in October 2014. While the claimant did not claim the certified copy of this letter (Exhibit in B section), the Postal Service report shows that this was properly delivered (Exhibit 16B). While it is apparent that the claimant did not receive the Notice of Hearing Reminder dated October 31, 2014 (Exhibit 17B), on July 24, 2014, as the U.S. Postal Service returned the claimant's Notice of Hearing to the Hearing Office stamped undeliverable (Exhibit in B section), he clearly received the original notice as the post office verified on August 2, 2014, that it was delivered as addressed (Exhibit 16B).
>
> The [ALJ] notes that the claimant responded to the Continuation of Benefits in October 2012 and filed a timely request for hearing on March 29, 2013 (Exhibit 9B). The [ALJ] finds that this is evidence that the claimant was clearly aware that he was under re-evaluation. Furthermore, there is no suggestion in the record that the claimant was not aware that a hearing was scheduled as notice was properly provided in July 2014. Thus, the undersigned considered the factors set forth in 20 CFR 404.957(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing. Specifically, the claimant knew he was under review, he was properly notified of the scheduled hearing, and he elected not to attend his hearing for reasons that are yet to be explained. The lack of receipt of

>the October 2014 reminder of the hearing is insufficient explanation to find good cause for failure to attend the hearing.

Doc. 17-8 at 5. Thus, it appears that the ALJ conceded that Plaintiff did not receive the June Notice or the October Notice, but the ALJ concluded that Plaintiff "clearly" received the July Notice. *Id*. This latter determination, however, is not supported by substantial evidence.

In support of her determination that Plaintiff received the July Notice, the ALJ appears to have relied solely on the assertion that the United States Postal Service "verified on August 2, 2014, that it was delivered as addressed." *Id*. This conclusion is apparently based upon the August 2, 2014 Address Information Request, in relation to which the United States Postal Service apparently responded that "mail is delivered to address given." Doc. 17-5 at 21. This evidence does not support the ALJ's determination that Plaintiff received the July Notice.

The fact that Plaintiff requested a hearing, and, thus, knew a hearing would be scheduled at some point in the future does provide notice of the hearing date, nor does it support a finding that Plaintiff received the July Notice or otherwise had notice of the date of the hearing. In addition, the response provided by the United States Postal Service does not demonstrate that Plaintiff received the July Notice, or ever had notice of the hearing. The United States Postal Service stated – taking the response in the light most favorable to the Commissioner – that "mail is delivered to the address given." Doc. 17-5 at 21. This statement, however, does not reveal whether the Agency mailed the July Notice or Plaintiff received the July Notice. Thus, for these reasons, the notice provided by the United States Postal Service does not support a finding that Plaintiff received the July Notice.

Further, there is insufficient evidence to trigger the presumption of service. The regulations provide that notice is presumed to have been received five days after the date on the notice, unless the claimant establishes that he or she did not receive the notice within the five-day period. *See*

20 C.F.R. § 404.901.  The court in *Counts* noted that "before the presumption of receipt could have arisen, certain necessary conditions had to be met."  *Counts*, 2010 WL 5174498 at *9.  The court observed that "[t]he presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail."  *Id.* (internal quotations omitted).  The record before the ALJ did not contain evidence demonstrating that the July Notice was deposited in the mail or had sufficient postage.  *See* Docs. 17; 17-1; 17-2; 17-3; 17-4; 17-5; 17-6; 17-7; 17-8; 17-9.  Thus, the ALJ's apparent reliance on the presumption of service was unavailing.

The Commissioner seemingly attempts to overcome the lack of such evidence through the Declaration of Roxie Rasey Nicoll, an employee of the Agency.  Doc. 17.  Ms. Nicoll reviewed the electronic record, and, based on her review, declared that "the hearing office notified the claimant of his hearing scheduled for October 22, 2014, on June 26, 2014, on July 1, 2014 and on October 8, 2014."  Doc. 17 at 3.  This declaration, however, says nothing about whether the July Notice was deposited in the mail with sufficient postage.  *See id.*  Thus, Ms. Nicoll's declaration does not demonstrate that the presumption of service applies in this case.  *See Counts*, 2010 WL 5174498 at *9 ("In order to raise the presumption of [receipt], the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office.") (internal quotations omitted); *see also Pizarro*, 2013 WL 869389, at *9 (following *Counts*).  In light of the foregoing, the undersigned finds that the ALJ's determination that Plaintiff received the July Notice is not supported by substantial evidence.

Moreover, the Agency's regulations require that if the Acknowledgement sent with the notice of hearing is not received back from a claimant, that the Agency "will attempt to contact [the claimant] for an explanation" and, if notice was not received, send an amended notice of

hearing via certified mail. *See* 20 C.F.R. § 404.938. Here, it appears that the June Notice was sent via certified mail with the June Acknowledgment Form, but that the June Notice was returned unclaimed. *See* Doc. 17-6 at 4. Thus, the June Acknowledgment Form was never received back by the Agency, and it was apparent that Plaintiff had not received the original notice of hearing. In response, the Agency apparently then sent two additional notices via regular, uncertified mail to the same address and did nothing additional to contact Plaintiff, other than to call Plaintiff *after* he had missed the scheduled hearing.

Further, Plaintiff provided the Appeals Council with a brief in support of his claim that he did not receive any notice of hearing. Doc. 19-1. This evidence rebuts the ALJ's determination, based as it was on the thinnest of presumptions, but the Appeals Council nevertheless denied Plaintiff's request for review. Thus, since neither the ALJ nor the Appeals Council relied on any evidence establishing that the July Notice was actually mailed to Plaintiff or that he actually received it, and considering Plaintiff's brief filed with the Appeals Council, the undersigned finds that the ALJ and the Appeals Council did not have substantial evidence before them to reasonably conclude that the July Notice was mailed to Plaintiff, that Plaintiff received the July Notice, and, consequently, that Plaintiff received notice of the October 22, 2014 hearing.[6] *See Counts*, 2010 WL 5174498 at *9; *see also Pizarro*, 2013 WL 869389, at *10. Therefore, the undersigned finds that the order of dismissal was not supported by substantial evidence.

---

[6] The undersigned would reach the same conclusion even if Plaintiff did not file the brief with the Appeals Council because Plaintiff provided other evidence to the Commissioner explaining that he did not receive any notice of the hearing. *See* Doc. 17-7 at 3 (discussing Plaintiff's claim that he did not receive any notice of the hearing); 17-8 at 4 (same). The Commissioner, however, has not included this evidence, which was referred to as "Exhibit 20B," in the record before the Court.

## V. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 16) be **DENIED**;

2. The Order of Dismissal (Doc. 17-8 at 4-5) be **REVERSED** and the case **REMANDED** for further proceedings on the merits of Plaintiff's claim; and

3. The Clerk be directed to enter judgment in favor of Plaintiff and against the Commissioner, and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 14, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy