UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUSTIN MICHAEL ROBINETTE,**

      **Plaintiff,**

**v.**                                       **Case No: 6:16-cv-1241-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1), which seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his request for a hearing regarding the termination of his Social Security benefits. Also, before the Court is the Commissioner's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 16). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 23), in which he recommends that the Court deny the motion and reverse and remand the case for further proceedings on the merits of Plaintiff's claim. The Commissioner filed an Objection to the R&R (Doc. 26), to which Plaintiff filed a Response (Doc. 27). After a *de novo* review of the record, the Court will adopt and confirm the R&R.

### I.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on

the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

### A. Subject Matter Jurisdiction

A federal court's review of claims for disability benefits is limited by the Social Security Act, which provides, in relevant part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Relying on *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) and *Counts v. Commissioner of Social Security*, No. 6:09-cv-1257-Orl-22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010), Judge Irick concluded that the Court has subject matter jurisdiction over this matter because Plaintiff received a final decision from the Commissioner once Plaintiff sought, and the Appeals Council declined, review of the administrative law judge's ("ALJ") order dismissing his request for a hearing.

In objecting to the R&R, the Commissioner asserts that *Bloodsworth* does not control the outcome of this case because, in *Bloodsworth*, the ALJ issued a decision *after conducting a hearing*, and the Appeals Council declined to review the ALJ's decision, thereby making the decision final. In this case, however, Plaintiff did not appear for his hearing. Therefore, the

Commissioner maintains that Plaintiff never received "a final decision" subject to judicial review under § 405(g).[1]

However, in the words of the Eleventh Circuit, the Commissioner's argument "makes linguistic but not legal sense." *Bloodsworth*, 703 F.2d at 1239. "The dismissal of a request for Appeals Council review is binding and not subject to further administrative review." *Id.* at 1237 (citing 20 C.F.R. § 404.981 (1982)); *see also* 20 C.F.R. § 404.972. As corollary, the dismissal of a request for Appeals Council review is a "final decision" from which a claimant is entitled to file a timely appeal in federal court pursuant to § 405(g). *Bloodsworth*, 703 F.2d at 1237 (citing 20 C.F.R. §§ 404.972 and 404.981). Therefore, if the Court were to adopt the Commissioner's argument, Plaintiff would be left with no recourse to challenge a final decision from the Commissioner.

As one court eloquently put it, "[h]e cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies." *Macheski v. Leavitt*, No. 4:06-cv-85 CDL, 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007). These are the very results that the Eleventh Circuit rejected in *Bloodsworth*.

Applying the principles and rationale in *Bloodsworth*, the Court finds that Plaintiff exhausted his administrative remedies once he sought, and the Appeals Council denied, review of the ALJ's order dismissing his request for a hearing. By denying review of the ALJ's decision, the

---

[1] In objecting to the R&R, the Commissioner does not dispute that Judge Irick's jurisdictional findings are supported by *Counts*. Rather, the Commissioner asserts that Judge Irick improperly relied on *Counts* because it was "incorrectly" decided. (Doc. 26 at 2–8). The Court disagrees. The Commissioner fails to provide any persuasive argument to convince the Court that *Counts* was incorrectly decided. Furthermore, although *Counts* is not binding, the Court finds it persuasive and consistent with Supreme Court and Eleventh Circuit authority—particularly, *Bloodsworth*.

Appeals Council finalized the decision, thereby opening the door to appeal to this Court regardless of whether Plaintiff had a hearing before the ALJ. Accordingly, the Court has subject matter jurisdiction over this matter. *See Wright v. Colvin*, No. 3:12-cv-1007-J-32TEM, 2013 WL 5567409, at *1 (M.D. Fla. Oct. 9, 2013) (concluding that the court had subject matter jurisdiction over the plaintiff's appeal where the plaintiff had no hearing before the ALJ who issued the decision); *Pizarro v. Comm'r of Soc. Sec.*, No. 6:12-cv-801-ORL-37, 2013 WL 847331, at *1 (M.D. Fla. Mar. 7, 2013) (same); *Counts*, No. 6:09-cv-2157-ORL, 2010 WL 5174498, at *1 (same).[2]

## B. The ALJ's Order of Dismissal

In the R&R, Judge Irick recommends that the Court reverse and remand for further proceedings because the ALJ's order dismissing Plaintiff's request for a hearing was not supported by substantial evidence. (Doc. 23 at 8–17). The Commissioner objects to this recommendation, arguing that the ALJ's decision was supported by substantial evidence because Plaintiff failed to show good cause for not appearing for his scheduled hearing. Having conducted a *de novo* review of the record, the Court agrees with Judge Irick.

In dismissing Plaintiff's request for a hearing, the ALJ found that Plaintiff "clearly received" the Notice of Hearing sent on July 1, 2014. (*See* Order of Dismissal, Doc. 17-8, at. 4–5). But, as Judge Irick astutely notes, the administrative record is devoid of evidence showing that Plaintiff received the Notice. Furthermore, there is a lack of evidence sufficient to trigger a

---

[2] Assuming section 405(g) did not provide a basis for review, subject matter jurisdiction would still exists because Plaintiff has alleged sufficient facts to state a claim against the Commissioner for violation of his constitutional right to due process. *See Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985) (recognizing that subject matter jurisdiction exists over an administrative decision "when a colorable constitutional claim is raised because '[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures'") *(*quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977)).

presumption of receipt because the administrative record contains no evidence demonstrating that the Notice was deposited in the mail with sufficient postage. *See Watkins v. Plantation Police Dep't*, --- Fed. App'x. ----, No. 16-16049, 2018 WL 2111065, at *3 (11th Cir. May 8, 2018) (citing *Konst v. Florida*, 71 F.3d 850, 851 (11th Cir. 1996) (recognizing that the "presumption" of receipt is "triggered upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail")[3].

Given that Plaintiff avows that he never received the Notice (Appeal from Dismissal, Doc. 19-1, at 2; *see also* Doc. 17-8 at 4 (noting that Plaintiff did not claim the certified copy of the Notice and that Plaintiff never received the subsequent reminder), and the record contains insufficient evidence to demonstrate that Plaintiff did receive the Notice, neither the ALJ nor the Appeals Council decision is supported by substantial evidence. As such, the Court concludes that this matter is due to be reversed and remanded for further proceedings. *See Pizarro*, 2013 WL 869389, at *9 (reversing and remanding for a hearing on the merits upon finding that the ALJ and the Appeals Council's decisions were not based on substantial evidence where the plaintiff averred he never received notice of the hearing and there was a lack of evidence showing otherwise); *Counts,* 2010 WL 5174498, at *10 (same).

---

[3] The Commissioner contends that this standard of proof places an "unreasonable burden on the Commissioner" and "negate[s] the purpose of having a regulation that establishes a rebuttable presumption of receipt." (Doc. 26 at 12–13). The Court is unpersuaded. "The Commissioner . . . has pegged the limitations period to receipt of the notice. Having done so, the durability of the presumption of timely receipt must depend, at least in part, on the predicate facts supporting the presumption." *Counts*, 2010 WL 5174498, at *9 n.3 (quoting *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1362 n.19 (S.D. Ala. 2002)). And the fact of the matter is, in the instant case, the administrative record does not contain sufficient predicate facts to trigger a presumption that Plaintiff received the Notice.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Commissioner's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 16) is **GRANTED**.

3. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

4. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record